UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS AMOS, JR.,

    Plaintiff,

v.     CASE NO. 3:14-cv-834-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff alleges he became disabled on June 9, 2010. (Tr. 193, 200.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on April 26, 2012, at which Plaintiff was represented by an attorney. (Tr. 84-112.) The ALJ found Plaintiff not disabled from June 9, 2010 through May 16, 2012, the date of the decision.[2] (Tr. 67-78.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, degenerative disc disease, hypertension,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 20, 21.)

[2] Plaintiff had to establish disability on or before December 31, 2015, his date last insured, in order to be entitled to a period of disability and DIB. (Tr. 67.)

seizure disorder, and anxiety. (Tr. 69.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work,[3] except:

> [Plaintiff] is limited to occasionally climb stairs, balance, stoop, kneel and crouch. He is never to climb ladders, ropes or scaffolds and never crawl. He should avoid all exposure to hazards such as machinery and heights. He is limited to simple, routine, repetitive tasks involving up to 3-step commands. He is limited to occasional interaction with the general public and occasional interaction with co-workers.

(Tr. 71.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from June 9, 2010 through May 16, 2012. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant

---

[3] By definition, light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; it requires a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10.

evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that the ALJ erred in determining that he had the RFC to perform a reduced range of light work after failing to consider and weigh all pertinent evidence, including the results of the brain MRI performed on June 7, 2011 and October 3, 2012, the opinion of the examining consultant Dr. Keiter, and the opinions of the treating physicians Dr. Urban and Dr. Anna Szafran-Swietlik. Plaintiff further argues that the testimony of the Vocational Expert ("VE") does not constitute substantial evidence to support the ALJ's decision because the ALJ's hypothetical question

to the VE did not adequately reflect Plaintiff's limitations.  Plaintiff argues that it is not clear from the record how the ALJ came up with the RFC of a reduced range of light work, given that Dr. Keiter seemed to assess more restrictive limitations.  Finally, Plaintiff argues that the ALJ erred in weighing his credibility when the record reveals that he suffered from documented impairments allegedly causing significant limitations.

   Defendant does not dispute that the ALJ mentioned only the June 7, 2011 brain MRI, which showed "[s]uspect right frontal floor encephalomalacia" (Tr. 524), but not the October 3, 2012 brain MRI.  The October 3, 2012 brain MRI showed: "Stable encephalomalacia in the inferior right frontal and anterior right temporal lobes may represent prior trauma[.] Clinical correlation recommended[.] Stable subcentimeter pineal gland cyst."  (Tr. 635.)  These results appear to contradict the ALJ's statement that "the overall objective medical evidence is benign" as "[a]ll of [Plaintiff's] diagnostic testing including MRI of the brain, CT scans, echocardiograms, etc. have been normal except for some degenerative changes noted upon diagnostic testing of the spine."  (Tr. 75.)

   The ALJ's failure to discuss the October 3, 2012 brain MRI makes it impossible for the Court to determine whether the ALJ even considered this evidence.  Although an ALJ is not required to refer to every piece of evidence in his decision, the ALJ may not ignore relevant evidence, particularly when it supports the claimant's position.  *See, e.g.*, *Lord v. Apfel*, 114 F. Supp. 2d 3, 13

(D.N.H. 2000); *Meek v. Astrue*, 2008 WL 4328227, *1 (M.D. Fla. Sept. 17, 2008) ("Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . . Rather, the judge must explain why significant probative evidence has been rejected.") (internal citations and quotation marks omitted).

The evidence at issue supports Plaintiff's position because the brain damage could certainly explain Plaintiff's complaints of memory problems, confusion, difficulty finding words, problems with attention and concentration, and difficulty making appropriate decisions, all of which were noted in Dr. Keiter's evaluation. (Tr. 378-82.) However, as Plaintiff points out, the ALJ failed to clearly state the weight accorded to Dr. Keiter's opinions. It is unclear what parts of her opinions were given "great weight" and what parts were given only "some weight." (*See* Tr. 76 ("[T]he undersigned gives great weight to the consultative examiner, Dr. Keiter, the undersigned gives some weight to his [sic] opinion to the extent that it supports that the claimant is capable of simple, routine, repetitive task involving up to 3 step commands.").)

Based on the foregoing, the Court cannot conclude that the ALJ's decision is supported by substantial evidence. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an

abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'"). Therefore, on remand, the ALJ will be directed to consider Plaintiff's October 3, 2012 brain MRI, and explain the weight given to Dr. Keiter's opinions and the reasons therefor. In light of this conclusion and the possible change in the RFC, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) consider the October 3, 2012 brain MRI, (b) explain the weight given to Dr. Keiter's opinions and the reasons therefor, (c) reconsider the RFC assessment, if necessary, and (d) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a

petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

      **DONE AND ORDERED** at Jacksonville, Florida, on November 2, 2015.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record